Defendant-appellant Tiffany Stoll appeals the judgment of the Stark County Court of Common Pleas, Juvenile Division, which found her to be delinquent by reason of possession of cocaine and possession of marijuana. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
On August 31, 1998, appellee filed three charges against appellant: possession of cocaine; possession of marijuana; and underage consumption. A bench trial was conducted on September 16, 1998, before a magistrate. The magistrate found appellant to be delinquent by reason of guilt of both the drug possession charges, but acquitted appellant on the underage consumption charge. The magistrate sentenced appellant to a minimum six month stay in the custody of the Ohio Department of Youth Services.
The magistrate's decision was approved and adopted by the trial court via Judgment Entry filed October 6, 1998. Appellant did not file any objections to the Magistrate's Decision.
At trial, Robert Miller testified as to the results of tests he performed on a urine sample provided by appellant on August 26, 1998. The results were positive for both cocaine and marijuana use.
Darlene Nesbitt, appellant's mother, testified appellant had lived with her and her husband until appellant ran away approximately eight weeks prior to the trial. Mrs. Nesbitt testified she spoke to appellant about the pending charges on the telephone after appellant had been arrested and taken to the juvenile detention center. She stated appellant told her she (appellant) should have pled true at the first hearing and she (appellant) admitted drinking, smoking marijuana, and having cocaine in her system the night she was arrested.
Daniel Nesbitt testified appellant lived with him and his wife, Darlene Nesbitt, at 5195 Charm Street SW, Canton, Ohio. Mr. Nesbitt testified appellant told him she knew the drug tests would come back positive because she had been drinking, smoking marijuana, and using cocaine. Mr. Nesbitt also stated appellant had been staying in room no. 151 of the Perry Inn on West Tuscarawas Street located in Stark County.
Appellant assigns as error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE JUVENILE-APPELLANT IN FINDING DELINQUENCY WITHOUT AN ESTABLISHMENT OF VENUE IN THAT SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. JUVENILE-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 I
Herein, appellant argues appellee failed to offer any evidence appellant committed either of the crimes of drug possession in Stark County, Ohio. Appellant points out none of appellee's three prosecution witnesses offered any indication where appellant consumed the drugs. Because the location of the party where appellant admitted she consumed drugs was never established, appellant contends the trial court cannot infer Stark County was the county in which the crimes occurred.
While we agree with appellant's summation of the evidence presented as to venue, we still overrule this assignment of error. Juv. R. 10(A) expressly provides:
 (A) Filing. Any person having knowledge of a child who appears to be a juvenile traffic offender, delinquent, unruly, neglected, dependent, or abused may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the traffic offense, delinquency, unruliness, neglect, dependency, or abuse occurred.
(Emphasis added).
Because Stark County was the county of appellant's residence or legal settlement as established through the testimony of both Darlene Nesbitt and Daniel Nesbitt, we find venue is properly established pursuant to the above cited rule.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends she was denied effective assistance of counsel. We disagree.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
To warrant a reversal, an appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell, supra.
The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." State v. Bradley, supra at 143, quotingStrickland v. Washington, supra, at 697.
Appellant asserts her counsel was ineffective in two separate concerns: 1) the failure to move for dismissal based upon a lack of proof of venue; and 2) failure to move to suppress the lab test results indicating cocaine and marijuana use because appellee failed to prove the chain of custody. We shall address each of appellant's concerns in turn.
As to appellant's first concern, we find appellant's counsel was not ineffective for the same reason we set forth in Assignment of Error I, supra.
As to appellant's second concern, we begin by noting the purpose of a motion to suppress is to exclude evidence at trial which has been gathered in violation of the United State's Constitution. Appellant asserts no constitutional violation herein. We agree with appellee, a motion is to suppress is not the appropriate vehicle in which to attack a chain of custody issue.
The record reveals appellant's counsel did not object to the testimony of the medical technologist, Mr. Miller, at the time it was offered. Appellant's counsel did object to the admission of the lab report (Exhibit "1") at the close of appellee's case, arguing ". . . there was no testimony that the document was done in an ordinary course and scope of business, it was prepared solely in anticipation of litigation . . ." (Tr. at 29). The stated basis for the objection is different in nature from the one appellant now asserts.
Having failed to timely object to the oral testimony, any error in its admission is waived. Had a timely, specific objection been made, the record does not affirmatively demonstrate the prosecutor could not have presented additional evidence establishing the chain of custody. The chain of custody affects the credibility of the evidence, not its admissibility. State v. Mays (1996), 108 Ohio App.3d 598, 618.
Upon review of Mr. Miller's testimony, we find ample evidence to support a conclusion the sample tested was that of appellant. Had an objection been timely made, we conclude it likely would have been overruled. Thus, appellant cannot establish her counsel's failure to object to the testimony fell below an objective standard of reasonable representation. Furthermore, in light of appellant's admissions to her mother and Mr. Nesbitt, even if counsel's failure to object fell below an objective standard of reasonable representation, appellant cannot establish prejudice sufficient to meet the second prong of the Strickland test.
Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Wise, P.J. and Gwin, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES